IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JEFFERY B. JONES                             *

    Plaintiff,                              *

        v.                                  *          3:06-CV-178-MEF
                                             (WO)

JURISDICTION SYSTEM, *et al.*,               *

    Defendants.                             *

_____

**O R D E R**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). A thorough review of this complaint indicates that Plaintiff, Jeffery Jones ["Jones"], fails to properly name and identify defendants responsible for the alleged violations of his constitutional rights. Jones lists "Jurisdiction System," "Sheriff Department," "Lee County Detention Center," and "Medical Department" as defendants. These entities are not subject to suit in a 42 U.S.C. § 1983 action. Moreover, the complaint contains claims that are not related to each other. That is, this action contains claim based on a dispute over medical treatment and further contains general claims concerning the right to a speedy trial, freedom of speech, assistance of counsel, freedom of religion, and freedom of the press. The complaint fails to identify factual allegations material to specific counts lodged against detention center officials with respect to any violations of Jones' constitutional rights.

In light of the foregoing and under the circumstances, the undersigned concludes that

Plaintiff's deficient complaint shall be stricken from the record and he shall be required to re-file and re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P., and the heightened pleading requirement for such cases.  *See Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001);  *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996); *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998).

Accordingly, it is

ORDERED that the complaint filed by Jones on February 28, 2006 be and is hereby STRICKEN from the file in this case.

It is further ORDERED that:

1.  Jones  file a complaint on or before **March 15, 2006**, on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms).  As indicated, Plaintiff's original complaint shall be stricken from the record and, thus, superseded by the complaint filed in accordance with the instant orders' directives. It further means that Jones shall no longer rely on the original complaint.   That being said, the claims in the complaint form should be less numerous than those contained in the original complaint due to the following pleading requirements.  It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue. Thus, for each different claim, Plaintiff must file a separate complaint and pay the $250.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim he will proceed in this action;

2.  Plaintiff's complaint filed pursuant to the instant order shall contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts;

3.  In that portion of the complaint form where Plaintiff must identify each individual that he seeks to name as a defendant, Plaintiff must provide facts to show that individual's participation or involvement in his claim with clarity and conciseness.  That is, Plaintiff must state what that individual defendant did or failed to do and what he or she knew.  If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

4.  Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead  "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file a  complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.  Furthermore, the failure to plead  a complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after

being required to re-plead a complaint, will result in a Recommendation that the complaint

be dismissed  under F.R.Civ.P. 41(b) for failure to comply with the court's order.  *Pelletier*

*v. Zweifel*, 921 F.2d 1465,  1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under

42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

Done, this 1st day of March 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE