# EXHIBIT  A

```
01/28/2006    18:37:09    LEE COUNTY SHERIFF'S OFFICE
                          INMATE BOOKING SHEET                    PAGE    1
================================================================================
BOOKING NO: 060000506

INMATE NAME: JONES JEFFERY BERNARD
     ALIAS:                                    RACE: B       SEX: M
     ALIAS:                                    HT: 6'00"   HAIR: BLK
     ADDRESS: 1052 GLENDWOOD RD                WT: 132     EYES: BRO
CITY/ST/ZIP: COLUMBUS, GA 31906    49     COMPLEX:
HOME PHONE: 370-656-3306                       SSN: 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
       DOB: 08/25/1906  AGE: 99  1956   DL ST: GA      DLN: 052710596
PLCE BIRTH: FT.BENNING                         SID:
     STATE: GA                                 LOCID: 31869
  M. STATUS: SINGLE
   RELIGION: NONE
```

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER |
|---|---|---|

|  |  |  |
|---|---|---|
|  |  | ID | YR | Case No. |

**State of Alabama**,
PLAINTIFF,

IN THE ___District___ COURT OF

LEE COUNTY, ALABAMA

VS.

**Jeffrey Bernard Jones**,
DEFENDANT.

CASE NO. _TR 06-790/791/792_

The defendant, _____Jeffrey Bernard Jones_____ is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

DUI - 365 days          to run Concurrent - Credit for

DWLS - 180 days         47 days already served

Speed  10 days

Defendant's bond is hereby set at $ _____

DONE this the __16th__ day of __March__, __2006__.

_____
JUDGE

REMARKS: _____
REMARKS:
================================================================================

HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Jeffery B. Jones_    DATE: _1/28/06_    TIME: _18:37_

BOOK OFFICER: _Wardell_    DATE: _1/28/06_    TIME: _18:37_

```
                            LEE COUNTY SHERIFF'S OFFICE
01/28/2006      18:37:09      INMATE BOOKING SHEET                    PAGE    2
===============================================================================
BOOKING NO: 060000506     INMATE NAME: JONES JEFFERY BERNARD
===============================================================================
           COURT:                      ATTORNEY ON REC:
           JUDGE:                          PHONE: 000-000-0000
         REMARKS:
         REMARKS:
-------------------------------------------------------------------------------
     BOOK DATE: 01/28/2006  BOOK TIME: 18:23  BOOK TYPE: NORMAL

   ARREST DATE: 01/28/2006        BOOKING OFFICER: DOWDELL S
   ARREST DEPT: LCSO              CELL ASSIGNMENT: HC3
 ARRST OFFICER: L.SMITH               MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000             FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: CPL.COWHICK         CLASSIFICATION:
   TYPE SEARCH: PAT                 WORK RELEASE: N
 INTOX RESULTS: REFUSAL(24 HRS)

         HOLDS: N
        AGENCY:                  REASON:
        AGENCY:                  REASON:
        AGENCY:                  REASON:
        AGENCY:                  REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
 01/28/2006     18:37:09          INMATE CHARGE SHEET                    PAGE    3
================================================================================
 BOOKING NO: 060000506      INMATE NAME: JONES JEFFERY BERNARD
================================================================================
    CHARGE NO:   1  DISPOSITION: OPEN             HOLD: N

 ALA STATUTE: 32-5A-191(A)(2)          # OF COUNTS:    1
      OFFENSE: DUI                       WARRANT #:
       CASE #:
     BOND AMT: 750                             FINE:        $0.00
     BAIL AMT: 750
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 01/28/2006              ARST AGENCY: LCSO
 ARST OFFICR: SMITH                        COUNTY: LEE
        COURT:                              JUDGE:
 DEF ATTORNY:                       DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
---------------------------------------------------------------------------
    CHARGE NO:   2  DISPOSITION: OPEN             HOLD: N

 ALA STATUTE: 32-6-19                  # OF COUNTS:    0
      OFFENSE: DRIVING WHILE SUSPENDED    WARRANT #:
       CASE #:
     BOND AMT: 300                             FINE:        $0.00
     BAIL AMT: 300
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 01/28/2006              ARST AGENCY: LCSO
 ARST OFFICR: L,SMITH                      COUNTY: LEE
        COURT:                              JUDGE:
 DEF ATTORNY:                       DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
---------------------------------------------------------------------------
    CHARGE NO:   3  DISPOSITION: OPEN             HOLD: N

 ALA STATUTE: 32-5A-330                # OF COUNTS:    1
      OFFENSE: OPEN CONTAINER            WARRANT #:
       CASE #:
     BOND AMT: 100                             FINE:        $0.00
     BAIL AMT: 100
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 01/28/2006              ARST AGENCY: LCSO
 ARST OFFICR: L.SMITH                      COUNTY: LEE
        COURT:                              JUDGE:
 DEF ATTORNY:                       DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
---------------------------------------------------------------------------
```

```
                          LEE COUNTY SHERIFF'S OFFICE
01/28/2006     18:37:09        INMATE CHARGE SHEET                    PAGE    4
==============================================================================
BOOKING NO: 060000506    INMATE NAME: JONES JEFFERY BERNARD
==============================================================================
    CHARGE NO:   4  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: 32-5A-171              # OF COUNTS:   1
     OFFENSE: SPEEDING              WARRANT #:
      CASE #:
    BOND AMT: 100                        FINE:        $0.00
    BAIL AMT: 100
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 01/28/2006            ARST AGENCY: LCSO
ARST OFFICR: L.SMITH                   COUNTY: LEE
       COURT:                           JUDGE:
 DEF ATTORNY:                     DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
------------------------------------------------------------------------------
    CHARGE NO:   5  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: 13A-12-260             # OF COUNTS:   1
     OFFENSE: POSS OF DRUG PARAPHERNALIA    WARRANT #:
      CASE #:
    BOND AMT: 1000                       FINE:        $0.00
    BAIL AMT: 1000
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 01/28/2006            ARST AGENCY: LCSO
ARST OFFICR: L.SMITH                   COUNTY: LEE
       COURT:                           JUDGE:
 DEF ATTORNY:                     DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
------------------------------------------------------------------------------
```

# EXHIBIT  B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFERY B. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:06-cv-00178-MEF-DRB** |
| | ) | |
| **JURISDICTION SYSTEM, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF JAY JONES

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Jay Jones.  I am over the age of nineteen and competent to execute this affidavit.

2.     I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.     I am familiar with the Plaintiff Jeffery B. Jones due to his incarceration in the Lee County Detention Facility.  I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      I have delegated the responsibility for the day-to-day functions of the Lee County Detention Facility to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee County Detention Facility.  As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Facility.

6.      It is the policy of the Lee County Sheriff's Office that persons incarcerated in the Lee County Detention Facility have access to the courts, attorneys, and their authorized representatives.

7.      Persons incarcerated in the Lee County Detention Facility may have access to the Lee County Detention Facility Law Library after submitting a written request to the Chief Deputy Sheriff, Captain, Lieutenant, or Shift Supervisor.  The Plaintiff's inmate file shows that he has been given access to the law library upon his request.

8.      The Defendants in this action have neither duty nor authority with regard to when an inmate goes to Court. The Lee County Sheriff's Office is responsible for submitting the inmate's arrest report to the Court, which was done in this case.  The judge assigned to that inmate's case sets that inmate's Court date, and the Lee County Sheriff's Office employees simply ensure that the inmate is present at the ordered time.  At all times, the Plaintiff has been transported to his scheduled court appearances.

9.      Inmates are to be given access to the telephones in the dayroom each day from 7:00 a.m. until 9:00 p.m.  Telephone privileges are also extended to persons not incarcerated in the dayroom area of the Detention Facility on a regular basis, at least four hours per day between 7:00 a.m. and 9:00 p.m.

10.      Inmates are entitled to privileged visits at any reasonable time with their attorneys or other legal official.

11.    Further, it is the policy of the Lee County Sheriff's Office to extend the privilege of visitation from family and friends to persons incarcerated in the Lee County Detention Facility. Inmates are allowed visitation with friends or family on Saturday or Sunday for thirty minutes. Inmates are allowed to fill out a visitation form and list the names of four individuals from whom they will accept visits.

12.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

13.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

14.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

15.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

16.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

17.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

18.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

3

a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

19.    Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

20.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request.  It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

21.    Medical requests of an emergency nature are to be handled immediately.

22.    As part of the booking process, inmates are informed of the methods by which they may obtain medical treatment.

23.    The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

24.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.  Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

25.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $5.00 fee for prescription medication. Inmates will not be denied medical treatment because of lack of funds or for any other reason. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

26.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

27.    Inmates are allowed to have reading glasses while incarcerated at the Lee County Detention Facility. However, the Sheriff's Office does not purchase reading glasses for inmates.

28.    All inmates sentenced to over 90 days are given a screening for Tuberculosis.

29.    It is the policy of the Lee County Sheriff's Office that members of the Detention Facility staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Facility personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file.

30.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Facility will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Facility personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if

5

possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

31.     It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Facility are provided with a nutritionally adequate diet.

32.     Inmates are served three meals each day at regularly scheduled times. At least two of these meals will be hot and there shall be no more than 14 hours between the evening meal and breakfast.

33.     All meals are served at the appropriate temperature as soon as possible after they are prepared.

34.     Consideration is given to texture, color, flavor and appearance in food preparation.

35.     The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

36.     In the event that the number of inmates exceeds the number of beds in the Lee County Detention Facility, the inmates will be provided with either a portable bed or a mattress and blankets. Inmates are never required to sleep on the floor without a mattress.

37.     When an inmate fills out an order for merchandise from the Detention Facility Commissary, that inmate signs a clause stating that if he is released prior to the order being delivered, he has 72 hours to return to the Detention Facility and pick up his order or he forfeits that order. If an inmate who has ordered from the commissary signs a request slip designating to whom the store order is to be given after his release and personally gives the

6

request slip to Sergeant Tabb, Sergeant Tabb will honor that request as a courtesy. If an inmate's store order is forfeited, Sergeant Tabb gives that order to an indigent inmate.

38. Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

39. All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

40. I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Facility.

41. All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.

42. I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

7

43.    As Detention Center Nurses, Nurse Stewart and Nurse Griffith have neither duty nor authority with regard to any non-medical issues.

44.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


————————————————————
JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this __19__ day of June, 2006.


————————————————————
NOTARY PUBLIC

My Commission Expires:_____

# EXHIBIT  C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY B. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:06-cv-00178-MEF-DRB |
| | ) | |
| JURISDICTION SYSTEM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF CARY TORBERT, JR.

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Cary Torbert, Jr.  I am over the age of nineteen and competent to execute this affidavit.

2.    I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major.  I have worked with the Lee County Sheriff's Office for over 32 years.

3.    I am familiar with the Plaintiff Jeffery B. Jones due to his incarceration in the Lee County Detention Facility.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff's Office that persons incarcerated in the Lee County Detention Facility have access to the courts, attorneys, and their authorized representatives.

6.      Persons incarcerated in the Lee County Detention Facility may have access to the Lee County Detention Center Law Library after submitting a written request to the Chief Deputy Sheriff, Captain, Lieutenant, or Shift Supervisor. The Plaintiff's inmate file shows that he has been given access to the law library upon his request.

7.      The Defendants in this action have neither duty nor authority with regard to when an inmate goes to Court. The Lee County Sheriff's Office is responsible for submitting the inmate's arrest report to the Court, which was done in this case. The judge assigned to that inmate's case sets that inmate's Court date, and the Lee County Sheriff's Office employees simply ensure that the inmate is present at the ordered time. At all times, the Plaintiff has been transported to his scheduled court appearances.

8.      Inmates are to be given access to the telephones in the dayroom each day from 7:00 a.m. until 9:00 p.m. Telephone privileges are also extended to persons not incarcerated in the dayroom area of the Detention Facility on a regular basis, at least four hours per day between 7:00 a.m. and 9:00 p.m.

9.      Inmates are entitled to privileged visits at any reasonable time with their attorneys or other legal official.

10.     Further, it is the policy of the Lee County Sheriff's Office to extend the privilege of visitation from family and friends to persons incarcerated in the Lee County Detention Facility. Inmates are allowed visitation with friends or family on Saturday or Sunday for thirty minutes. Inmates are allowed to fill out a visitation form and list the names of four individuals from whom

2

they will accept visits.  The Lee County Detention Facility records show that the Plaintiff was visited by his mother on March 11, 2006.

11.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

12.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

13.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

14.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

15.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

16.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

17.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

   a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

   b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

3

18.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

19.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

20.    Medical requests of an emergency nature are to be handled immediately.

21.    As part of the booking process, inmates are informed of the methods by which they may obtain medical treatment.

22.    The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

23.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official. Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

24.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $5.00 fee for prescription medication. Inmates will not be denied medical treatment because of lack of funds or for any other reason. When an inmate has insufficient

4

funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

25.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

26.    Inmates are allowed to have reading glasses while incarcerated at the Lee County Detention Facility.  However, the Sheriff's Office does not purchase reading glasses for inmates.

27.    All inmates sentenced to over 90 days are given a screening for Tuberculosis.

28.    It is the policy of the Lee County Sheriff's Office that members of the Detention Facility staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Facility personnel.  All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file.  All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file.  The Plaintiff was aware of the request procedure as evidenced by the request forms he has filed that were answered and are present in his inmate file.

29.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request.  Inmates housed in the Lee County Detention Facility will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Facility personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible.  If that officer is unable to answer the request, he is to forward it to the appropriate

individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

30.     At the time of the filing of the Plaintiff's Complaint, he had filed two nonmedical request slips. The nonmedical request slips were answered, and copies of the forms are present in his inmate file.

31.     It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Facility are provided with a nutritionally adequate diet.

32.     Inmates are served three meals each day at regularly scheduled times. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

33.     All meals are served at the appropriate temperature as soon as possible after they are prepared.

34.     Consideration is given to texture, color, flavor and appearance in food preparation.

35.     The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

36.     In the event that the number of inmates exceeds the number of beds in the Lee County Detention Facility, the inmates will be provided with either a portable bed or a mattress and blankets. Inmates are never required to sleep on the floor without a mattress.

37.     When an inmate fills out an order for merchandise from the Detention Center Commissary, that inmate signs a clause stating that if he is released prior to the order being delivered, he has 72 hours to return to the Detention Facility and pick up his order or he

forfeits that order.  If an inmate who has ordered from the commissary signs a request slip designating to whom the store order is to be given after his release and personally gives the request slip to Sergeant Tabb, Sergeant Tabb will honor that request as a courtesy.  If an inmate's store order is forfeited, Sergeant Tabb gives that order to an indigent inmate.

38.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

39.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.  A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

40.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not appealed any grievance to me.  Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Facility.

41.    The Plaintiff was aware of the method for submitting grievances.  All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.  Upon my

review of the Plaintiff's inmate file, there are no grievances concerning the allegations made the basis of his Complaint.

42.    I have complied with all policies and procedures of the Lee County Detention Center.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

43.    All Lee County Detention Center records attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business.  I am the custodian of these records.

44.    As Detention Center Nurses, Nurse Stewart and Nurse Griffith have neither duty nor authority with regard to any non-medical issues.

45.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
CARY TORBERT, JR.

**SWORN TO** and **SUBSCRIBED** before me this _16_ day of June, 2006.


_____
NOTARY PUBLIC
My Commission Expires:_____

2

# EXHIBIT  D

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFERY B. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:06-cv-00178-MEF-DRB** |
| | ) | |
| **JURISDICTION SYSTEM, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Corey Welch.  I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Facility.  I have worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004.  I am both a graduate of the Police Academy and the Alabama Jail Management School.

3.    I am familiar with the Plaintiff Jeffery B. Jones due to his incarceration in the Lee County Detention Facility.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff's Office that persons incarcerated in the Lee County Detention Facility have access to the courts, attorneys, and their authorized representatives.

6.      Persons incarcerated in the Lee County Detention Facility may have access to the Lee County Detention Center Law Library after submitting a written request to the Chief Deputy Sheriff, Captain, Lieutenant, or Shift Supervisor.

7.      The Defendants in this action have neither duty nor authority with regard to when an inmate goes to Court. The Lee County Sheriff's Office is responsible for submitting the inmate's arrest report to the Court, which was done in this case. The judge assigned to that inmate's case sets that inmate's Court date, and the Lee County Sheriff's Office employees simply ensure that the inmate is present at the ordered time. At all times, the Plaintiff has been transported to his scheduled court appearances.

8.      Inmates are to be given access to the telephones in the dayroom each day from 7:00 a.m. until 9:00 p.m. Telephone privileges are also extended to persons not incarcerated in the dayroom area of the Detention Facility on a regular basis, at least four hours per day between 7:00 a.m. and 9:00 p.m.

9.      Inmates are entitled to privileged visits at any reasonable time with their attorneys or other legal official.

10.      Further, it is the policy of the Lee County Sheriff's Office to extend the privilege of visitation from family and friends to persons incarcerated in the Lee County Detention Facility. Inmates are allowed visitation with friends or family on Saturday or Sunday for thirty minutes. Inmates are allowed to fill out a visitation form and list the names of four individuals from whom they will accept visits.

11.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

12.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

13.    No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

14.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

15.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

16.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

17.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

      a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

      b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

18.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

3

19.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request.  It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

20.    Medical requests of an emergency nature are to be handled immediately.

21.    As part of the booking process, inmates are informed of the methods by which they may obtain medical treatment.

22.    The Detention Center nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

23.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.  Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

24.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates.  All inmates are required to pay a $10.00 fee for non-emergency treatment and a $5.00 fee for prescription medication.  Inmates will not be denied medical treatment because of lack of funds or for any other reason.  When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

4

25.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

26.    Inmates are allowed to have reading glasses while incarcerated at the Lee County Detention Facility. However, the Sheriff's Office does not purchase reading glasses for inmates.

27.    All inmates sentenced to over 90 days are given a screening for Tuberculosis.

28.    It is the policy of the Lee County Sheriff's Office that members of the Detention Facility staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Facility personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered.

29.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Facility will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Facility personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

30.    It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Facility are provided with a nutritionally adequate diet.

31.    Inmates are served three meals each day at regularly scheduled times. At least two of these meals will be hot and there shall be no more than 14 hours between the evening meal and breakfast.

32.    All meals are served at the appropriate temperature as soon as possible after they are prepared.

33.    Consideration is given to texture, color, flavor and appearance in food preparation.

34.    The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

35.    In the event that the number of inmates exceeds the number of beds in the Lee County Detention Facility, the inmates will be provided with either a portable bed or a mattress and blankets. Inmates are never required to sleep on the floor without a mattress.

36.    When an inmate fills out an order for merchandise from the Detention Facility Commissary, that inmate signs a clause stating that if he is released prior to the order being delivered, he has 72 hours to return to the Detention Facility and pick up his order or he forfeits that order. If an inmate who has ordered from the commissary signs a request slip designating to who the store order is to be given after his release and personally gives the request slip to Sergeant Tabb, Sergeant Tabb will honor that request as a courtesy. If an inmate's store order is forfeited, Sergeant Tabb gives that order to an indigent inmate.

37.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

6

38.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.   A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

39.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

40.    All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.

41.    I have complied with all policies and procedures of the Lee County Detention Center.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

42.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


COREY WELCH

**SWORN TO** and **SUBSCRIBED** before me this _19_ day of June, 2006.


NOTARY PUBLIC    MY COMMISSION EXPIRES FEB. 10, 2007
My Commission Expires:_____

7

# EXHIBIT  E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY B. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:06-cv-00178-MEF-DRB |
| | ) | |
| JURISDICTION SYSTEM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RODNEY D. TABB

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Rodney D. Tabb, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Rodney D. Tabb.  I am over the age of nineteen and competent to execute this affidavit.

2.      I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Facility.  I have worked as a correctional officer for over fourteen years and have obtained the rank of Sergeant.  Currently, I am the canteen manager and am, therefore, in charge of all inmate accounts.  I am responsible for all monies going into and out of inmate accounts for medical services, canteen orders and other circumstances involving inmate money.

3.      I am familiar with the Plaintiff, Jeffery B. Jones, due to his incarceration in the Lee County Detention Facility.

4.   I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.   It is the policy of the Lee County Sheriff's Office that persons incarcerated in the Lee County Detention Facility have access to the courts, attorneys, and their authorized representatives.

6.   Persons incarcerated in the Lee County Detention Facility may have access to the Lee County Detention Center Law Library after submitting a written request to the Chief Deputy Sheriff, Captain, Lieutenant, or Shift Supervisor.  The Plaintiff's inmate file shows that he has been given access to the law library upon his request.

7.   The Defendants in this action have neither duty nor authority with regard to when an inmate goes to Court.  The Lee County Sheriff's Office is responsible for submitting the inmate's arrest report to the Court, which was done in this case.  The judge assigned to that inmate's case sets that inmate's Court date, and the Lee County Sheriff's Office employees simply ensure that the inmate is present at the ordered time.  At all times, the Plaintiff has been transported to his scheduled court appearances.

8.   Inmates are to be given access to the telephones in the dayroom each day from 7:00 a.m. until 9:00 p.m.  Telephone privileges are also extended to persons not incarcerated in the dayroom area of the Detention Facility on a regular basis, at least four hours per day between 7:00 a.m. and 9:00 p.m.

9.   Inmates are entitled to privileged visits at any reasonable time with their attorneys or other legal official.

10.   Further, it is the policy of the Lee County Sheriff's Office to extend the privilege of visitation from family and friends to persons incarcerated in the Lee County Detention Facility.

2

Inmates are allowed visitation with friends or family on Saturday or Sunday for thirty minutes. Inmates are allowed to fill out a visitation form and list the names of four individuals from whom they will accept visits.

11.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

12.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

13.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

14.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

15.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

16.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

17.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

      a.    <u>Verbal Request</u>:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

      b.    <u>Written Request</u>:  An inmate in need of any type of medical attention may

3

complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

18.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

19.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

20.    Medical requests of an emergency nature are to be handled immediately.

21.    As part of the booking process, inmates are informed of the methods by which they may obtain medical treatment.

22.    The Detention Center nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

23.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official. Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

24.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $5.00 fee for prescription medication. Inmates will not be denied medical

treatment because of lack of funds or for any other reason. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

25.     Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

26.     Inmates are allowed to have reading glasses while incarcerated at the Lee County Detention Facility. However, the Sheriff's Office does not purchase reading glasses for inmates.

27.     All inmates sentenced to over 90 days are given a screening for Tuberculosis.

28.     It is the policy of the Lee County Sheriff's Office that members of the Detention Facility staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Facility personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered.

29.     Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Facility will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Facility personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the

officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

30.    It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Facility are provided with a nutritionally adequate diet.

31.    Inmates are served three meals each day at regularly scheduled times. At least two of these meals will be hot and there shall be no more than 14 hours between the evening meal and breakfast.

32.    All meals are served at the appropriate temperature as soon as possible after they are prepared.

33.    Consideration is given to texture, color, flavor and appearance in food preparation.

34.    The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

35.    In the event that the number of inmates exceeds the number of beds in the Lee County Detention Facility, the inmates will be provided with either a portable bed or a mattress and blankets. Inmates are never required to sleep on the floor without a mattress.

36.    When an inmate fills out an order for merchandise from the Detention Center Commissary, that inmate signs a clause stating that if he is released prior to the order being delivered, he has 72 hours to return to the Detention Facility and pick up his order or he forfeits that order. If an inmate who has ordered from the commissary signs a request slip designating to whom the store order is to be given after his release and personally gives the request slip to me, I will honor that request as a courtesy. If an inmate's store order is forfeited, I give that order to an indigent inmate.

37.     I have reviewed the records of store orders, and there is no record of Kenith Brown ever placing a store order. Had Kenith Brown ever placed a store order, I would have a record of that order. Because Kenith Brown had never placed a store order, he did not have any order to give to the Plaintiff.

38.     Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

39.     All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

40.     I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

41.     The Plaintiff was aware of the method for submitting grievances. All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.

42.     I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

43.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
RODNEY D. TABB

**SWORN TO** and **SUBSCRIBED** before me this 19 day of June, 2006.

_____
NOTARY PUBLIC
My Commission Expires:

# EXHIBIT  F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFERY B. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:06-cv-00178-MEF-DRB** |
| | ) | |
| **JURISDICTION SYSTEM, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AFFIDAVIT OF NURSE LINDA STEWART</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Linda Stewart, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Linda Stewart.  I am over the age of nineteen and competent to execute this affidavit.

2.      I have been employed as a nurse with the Lee County Detention Facility for over five years.  I am a Licensed Practical Nurse (L.P.N.) and have been licensed for over twenty-years, having served as a nurse in the ICU and CCU in Cobb Hospital Emergency Room for fifteen-years.  I taught Nursing Assistance Clinicals for two years at Career Institute.  I collected medical information for the law firm of Bellamy and Jones for three years, and I was employed as the personal nurse for Doctor Hoffman, in Phenix City, Alabama, for twelve years, prior to my coming to the Lee County Detention Facility.

3.      I am familiar with the Plaintiff Jeffery B. Jones due to his incarceration in the Lee County Detention Facility.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

6.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

7.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

8.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

9.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

10.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

11.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

    a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

2

12.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

13.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

14.    Medical requests of an emergency nature are to be handled immediately.

15.    As part of the booking process, inmates are informed of the methods by which they may obtain medical treatment during the booking process.

16.    The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

17.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official. Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

18.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $3.00 fee for prescription medication. Inmates will not be denied medical treatment because of lack of funds or for any other reason. When an inmate has insufficient

funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

19.     I follow the instructions of Dr. McFarland on all medical issues.

20.     Inmates are allowed to have reading glasses while incarcerated at the Lee County Detention Facility.  However, the Sheriff's Office does not purchase reading glasses for inmates.

21.     All inmates sentenced to over 90 days are given a screening for Tuberculosis.

22.     As a Detention Facility Nurse, I have neither duty nor authority with regard to any non-medical issues.

23.     I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

24.     All medical records attached to the Special Report are true and accurate copies of medical documents kept in the Plaintiff's medical file by me in the ordinary course of my business.  I am the custodian of these records.

25.     I did not receive a grievance from the Plaintiff.

26.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation

_____
LINDA STEWART

**SWORN TO** and **SUBSCRIBED** before me this _____ day of June, 2006.

_____
NOTARY PUBLIC
My Commission Expires:_____

4