**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFERY B. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:06-cv-00178-MEF-DRB |
| | ) |
| JURISDICTION SYSTEM, et al. | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF NURSE KELLEY HENDRICKS GRIFFITH

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Kelley Hendricks Griffith, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Kelley Hendricks Griffith. I am over the age of nineteen and competent to execute this affidavit.

2. I am a Licensed Practical Nurse (LPN). I have been employed by the Lee County Sheriff's Office and assigned to the Lee County Detention Facility since February 2006. Prior to my employment at the Sheriff's Office, I was employed as an LPN at Mt. Meigs Department of Youth Services for six months. I earned my LPN degree from Southern Union in August 1998. Since earning this degree, in addition to my experience in jail/prison settings, I have been employed by Lanier Health Services Hospital where I was assigned to the Medical/Surgical Floor. I also served as an LPN in the Army Outpatient Medical Clinic for two years. I worked for three years at the Lake Martin Community Hospital in the

Hospital in the emergency room, medical/surgical floor, and outpatient floor. I have also been employed to manage the office of Robert Bartel, MD, and I have worked at the Tallassee Community Hospital.

3. I am familiar with the Plaintiff Jeffery B. Jones due to his incarceration in the Lee County Detention Facility.

4. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

6. Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

7. No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

8. Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

9. Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

10. It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

11. Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

    a. <u>Verbal Request</u>: An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b. <u>Written Request</u>: An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

12. Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

13. When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

14. Medical requests of an emergency nature are to be handled immediately.

15. As part of the booking process, inmates are informed of the methods by which they may obtain medical treatment during the booking process.

16. The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

17. All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official. Should the

3

physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

18.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $3.00 fee for prescription medication. Inmates will not be denied medical treatment because of lack of funds or for any other reason. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

19.    I follow the instructions of Dr. McFarland on all medical issues.

20.    Inmates are allowed to have reading glasses while incarcerated at the Lee County Detention Facility. However, the Sheriff's Office does not purchase reading glasses for inmates.

21.    All inmates sentenced to over 90 days are given a screening for Tuberculosis.

22.    All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file. At the time of the filing of the Plaintiff's Complaint, he had filed three medical request slips. (Exhibit L, Inmate Medical File of Jeffery Bernard Jones, "Medical File," Inmate Request Slip dated February 4, 2006; Exhibit M, Medical File, Inmate Request Slip dated February 9, 2006; Exhibit N, Medical File, Inmate Request Slip dated March 18, 2006.) The medical request slips were answered, and copies of the forms are present in his inmate medical file.

23.    The Plaintiff's medical records show that he made a request on February 4, 2006, stating that he needed glasses and that he was having headaches. (Ex. L.) I noted that his request was addressed in sick call and that his family should bring him some reading glasses. (Ex. L) I gave the Plaintiff 1000 milligram Tylenol. (Exhibit O, Medical File, Notes

4

dated February 7, 2006.) The records show that the Plaintiff was given Tylenol for headaches upon his requests and that Dr. McFarland prescribed Tylenol or Motrin as needed for the Plaintiff. (Ex. M; Ex. O; Exhibit P, Medical File, Notes dated March 21, 2006.)

24. I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint except for the complaint concerning his eyes. (See Ex. N.)

25. As a Detention Center Nurse, I have neither duty nor authority with regard to any non-medical issues.

26. I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

27. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation

                                            _____
                                            KELLEY HENDRICKS GRIFFITH

SWORN TO and SUBSCRIBED before me this 20 day of June, 2006.

                                            _____
                                            NOTARY PUBLIC
                                            My Commission Expires: MY COMMISSION EXPIRES FEB. 10, 2007

5